```
              IN THE UNITED STATES DISTRICT COURT FOR THE
                      EASTERN DISTRICT OF VIRGINIA

                          Alexandria Division


 M. FRANCINE MODDERNO, et al.,    )
                                  )
      Plaintiffs,                 )
                                  )
             v.                   )   Case No. 1:17-cv-77 (JCC/TCB)
                                  )
 OCWEN LOAN SERVICING, LLC,       )
 et al.,                          )
                                  )
      Defendants.                 )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Ocwen Loan Servicing, LCC's ("Ocwen") Motion to Dismiss [Dkt. 3] and Defendant Surety Trustees, LLC's ("Surety") (collectively, "Defendants") Motion to Dismiss [Dkt. 6]. For the reasons that follow, the Court will grant both motions and dismiss Plaintiff's Complaint with prejudice.

**I.   Background**

M. Francince Modderno brings this suit *pro se* on behalf of herself and the estate of Claude V. Bache[1] (collectively, "Plaintiffs") against Defendants, seeking damages and equitable relief in connection with a non-judicial foreclosure sale of real property located in Loudoun County,

---

[1] Plaintiff Bache died testate on or about June 29, 2010.  Ocwen Mot. to Dismiss, Exh. D.  Plaintiff Modderno was appointed as executrix of his estate on August 20, 2010, pursuant to an Order entered by the Loudoun County Circuit Court.  *Id.*

1

Virginia. The Complaint alleges specific violations of "the laws prohibiting unfair and deceptive loan practices, including the Consumer Financial Protection Act ("CFPA") of 2010, 12 U.S.C. §§ 5481 *et. seq.*, with regard to loan servicing . . . and foreclosure processing." Compl. ¶ 4. The following facts are taken from Plaintiff's Complaint and the original documents referenced by that Complaint. For the purposes of this motion, the facts are presumed true.

On or about October 20, 2003, Plaintiffs obtained a home mortgage loan, as evidenced by a promissory note in the original principal amount of $600,000, which was made payable to First Savings Mortgage Corporation ("First Savings") as the original lender (the "Note"). Compl. ¶ 2. The Note, which Plaintiffs signed, included specific language regarding the possibility of transfer. *Id.;* Ocwen Mot. to Dismiss [Dkt. 3], Exh. A, ¶ 1. To secure repayment of this debt, Plaintiffs executed a deed of trust on October 20, 2003, encumbering the real property known as 17417 Needles Court, Leesburg, Virginia 20176 (the "Property"). *Id.* This security instrument was then recorded in the public land records of Loudoun County, Virginia (the "Deed of Trust"). *Id.* The Deed of Trust identified First Savings as the original lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as the original beneficiary. Ocwen Mot. to Dismiss, Exh. B at 2. It also included the

following language: "The Note or partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to the Borrower" and that any such transactions "shall bind . . . and benefit the successors and assigns of Lender." *Id.*, ¶¶ 13, 20.

After the Note and Deed of Trust were executed, First Savings, the original lender, transferred its interest in the loan to Residential Funding Corporation. Compl. ¶ 3. Two endorsements appear on the Note: (1) a specific endorsement from First Savings to Residential Funding Corporation signed by Peggy Cliff (the "First Savings Endorsement") and (2) a blank endorsement signed by Judy Faber, a Vice President of Residential Funding Corporation (the "RFC Endorsement"). Ocwen Mot. to Dismiss, Exh. A at 4. On June 23, 2011, MERS, acting as nominee for First Savings, executed and acknowledged an assignment of the Deed of Trust to Residential Funding Company, LLC, f/k/a Residential Funding Corporation (hereafter "RFC"). *Id.*, Exh. C. This instrument was recorded in the Loudoun County land records on June 30, 2011 (the "Assignment").

On September 6, 2011, Plaintiff Modderno filed a "Complaint of Wrongful Foreclosure" in the Loudoun County Circuit Court, naming RFC and ETS of Virginia, Inc. ("ETS") as defendants (the "2011 Lawsuit"). Ocwen Mot. to Dismiss, Exh. E. She chose not to include the estate of Plaintiff Bache at that

3

time, although he was deceased and she had already been appointed as executrix of his estate. On September 29, 2011, the named defendants removed the 2011 Lawsuit to this Court. On December 20, 2011, after briefing, Plaintiff's claims were dismissed for failure to state a claim upon which relief can be granted. *Id.*, Exh. F.

On July 2, 2012, RFC executed an instrument appointing Surety as substitute trustee in place of ETS under the Deed of Trust. Ocwen Mot. to Dismiss, Exh. G. This instrument was thereafter recorded in the Loudoun County land records. *Id.* Surety then sent Plaintiffs a notice that included a copy of a lost note affidavit signed by Jeffrey Dunn on behalf of Ocwen on April 29, 2013. Compl. ¶ 6; Ocwen Mot. to Dismiss, Exh. H. Plaintiffs describe the notice they received as a "notice letter of foreclosure." Compl. ¶ 6. The Complaint fails to provide any additional details, however, including who scheduled the foreclosure sale and the date of the alleged sale. *See id.*

In addition, Plaintiffs' Complaint alleges that they recently received an account history from Ocwen covering the period from July 13, 2015 to July 11, 2016. Compl. ¶ 7. The account history shows that Ocwen paid Loudoun County real estate taxes for the Property on behalf of Plaintiffs. *Id.* Plaintiffs claim that they qualified for tax relief "for five out of the last six years." *Id.* No additional details are given.

4

On January 4, 2017, Plaintiffs filed the instant Complaint against Ocwen and Surety in the Loudoun County Circuit Court. The Complaint seeks injunctive relief to stop foreclosure of the Property, quiet title to the Property, and $1,000,000 in damages. Compl. at 3. Defendant Ocwen filed a notice of removal on January 20, 2017. [Dkt. 1.] On January 27, 2017, Ocwen filed a motion to dismiss, based primarily on the doctrine *res judicata*. [Dkt. 3.] Defendant Surety filed its own motion to dismiss on February 13, 2017, arguing improper service of process and failure to state a claim. [Dkt. 6.] Rather than filing a memorandum in opposition, Plaintiffs filed a Motion to Extend Time to File Answer to Motion to Remove. [Dkt. 9.] The Court ordered Plaintiffs to file an appropriate response by March 15, 2017. [Dkt. 10.] No response was ever filed. Following the waiver of oral argument by both Defendants, this matter is now ripe for disposition.

## II.  Legal Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Supreme Court has stated that in order "[t]o survive a motion to dismiss, a [c]omplaint must contain sufficient factual matter,

5

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citations omitted). While legal conclusions can provide the framework for a complaint, all claims must be supported by factual allegations. *Id.* Based upon these allegations, the court must determine whether the plaintiff's pleadings plausibly give rise to an entitlement to relief. *Id.* Legal conclusions couched as factual allegations are not sufficient, *Twombly*, 550 U.S. at 555, nor are "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). The plaintiff, however, does not have to show a likelihood of success; rather, the complaint must merely allege - directly or indirectly - each element of a "viable legal theory." *Twombly*, 550 U.S. at 562-63.

At the motion to dismiss stage, the court must construe the complaint in the light most favorable to the

6

plaintiff, read the complaint as a whole, and take the facts asserted therein as true. *Iqbal*, 556 U.S. at 678. Generally, a district court does not consider extrinsic materials when evaluating a complaint under Rule 12(b)(6). It may, however, consider "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006). In addition, the court may consider documents attached to the defendant's motion to dismiss if those documents are central to the plaintiff's claim or are "sufficiently referred to in the complaint," so long as the plaintiff does not challenge their authenticity. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396-97 (4th Cir. 2006).

The Court construes the *pro se* Complaint in this case more liberally than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Further, the Court is aware that "[h]owever inartfully pleaded by a *pro se* plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief." *Thompson v. Echols*, No. 99-6304, 1999 WL 717280, at *1 (4th Cir. 1999) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)). Nevertheless, while *pro se* litigants cannot "be expected to frame legal issues with the clarity and precision ideally evident in the work of those

7

trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985). Thus, even in cases involving *pro se* litigants, the Court "cannot be expected to construct full blown claims from sentence fragments." *Id.* at 1278. Further, the Court may not construct a plaintiff's legal arguments for him or her. *See, e.g., Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).

### III. Analysis

A. Ocwen's Motion to Dismiss under Rule 12(b)(6)

Ocwen asserts that Plaintiffs' claims that her mortgage lender and its agents are not entitled to enforce the Note and Deed of Trust through foreclosure are barred by *res judicata*. Ocwen Mot. to Dismiss at 8-10. Under this doctrine, a final judgment on the merits in a prior suit precludes another suit between the same parties or their privies on the same cause of action. *Nash Cnty. Bd. of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981). For *res judicata* to bar an action, the moving party must establish: (1) the prior judgment was final and on the merits; (2) the parties are identical, or in privity, in both actions; and (3) the claims in the subsequent action are based upon the same cause of action as in the prior matter. *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999). *Res judicata* bars claims brought in a previous suit

8

and any claims that could have been brought. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004).

Here, all three elements of *res judicata* are satisfied. As a result, Plaintiffs fail to state a claim upon which relief can be granted.

First, there was a final judgment on the merits in Plaintiff's prior lawsuit, which was filed in 2011. The 2011 Lawsuit questioned whether RFC was the holder of the Note entitled to foreclose, as well as the validity of the Note endorsements. It was dismissed with prejudice by this Court for failure to state a claim on December 20, 2011.

Second, the parties to this lawsuit are in privity with the parties from the 2011 Lawsuit. "The touchstone of privity for purposes of *res judicata* is that a party's interest is so identical with another that representation by one party is representation of the other's legal right." *State Water Control Bd. v. Smithfield Foods, Inc.*, 542 S.E.2d 766, 769 (Va. 2001). Loan servicers are regularly found to be in privity with the lender on whose behalf they are servicing the loan, placing Ocwen (the servicer) in privity with RFC (the lender). *See, e.g., Streza v. Fed. Nat'l Mortgage Ass'n*, Civil No. 3:15-cv-168, 2015 WL 4988482, at *6 (E.D. Va. Aug. 19, 2015); *Buzzell v. JP Morgan Chase Bank*, Civil No. 3:13-cv-668, 2014 WL 3767118, at *6 (E.D. Va. July 31, 2014). Substitute trustees under a deed

9

of trust are also deemed to be in privity with any predecessor trustees under that same instrument, putting Surety (the new trustee) in privity with ETS (the prior trustee). *Blick v. Shapiro & Brown, LLP*, Civil No. 3:16-cv-70, 2016 WL 7046842, at *7 (W.D. Va. Dec. 2, 2016). Modderno and the Bache estate are similarly in privity with each other, as both co-owners and co-mortgagors. *See, e.g., Tarhawi v. Ocwen Loan Servicing*, Civil No. 1:14-cv-1028, 2014 U.S. Dist. LEXIS 131980, at *2 n.4 (E.D. Va. Sept. 18, 2014) (finding that a wife was estopped from re-litigating her husband's unsuccessful foreclosure challenge in a new lawsuit because they were co-owners and were in privity). Furthermore, Modderno was already the executrix of the Bache estate when she filed the 2011 Lawsuit. She could have brought the estate's claims at that time, but chose not to do so. *Pueschel*, 369 F.3d at 354. Accordingly, the Court finds the parties here to be in privity with those from the 2011 Lawsuit.

Third, the causes of action in Plaintiff's prior lawsuit and the present lawsuit are the same. In the Fourth Circuit, a cause of action is identical for claim preclusion purposes if the "claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Pittston*, 199 F.3d at 704. In the instant case, Plaintiffs' allegations involve the same transaction or series of transactions as the 2011 Lawsuit.

10

Notwithstanding any differences in how the claims are titled, Plaintiffs' essential challenge remains the same: the financial entities' authority to enforce the loan documents and foreclose on the Property. "By merely offering slight changes to the articulation of [her] claims, Plaintiff has not insulated [her] Complaint from the consequences of *res judicata*." *Podgoretsky v. Ocwen Loan Servicing, LLC*, Civil Action No. 1:16-cv-1255, 2016 U.S. Dist. LEXIS 172182, at *5-6 (E.D. Va. Dec. 12, 2016) (citing *Pueschel*, 369 F.3d at 355 (holding that focusing on the form over the substance of a claim "would allow parties to frustrate the goals of *res judicata* through artful pleading and claim splitting")).

Accordingly, the Court will grant Ocwen's motion to dismiss Plaintiffs' claims regarding the Note, the Note endorsements, and Defendants' authority to foreclose, based on the doctrine of *res judicata*. This includes Plaintiffs' claim that Judy Faber's "robo-signed" signature violates the CFPA. Even after being liberally construed, this claim is nothing more than another way to describe Plaintiffs' objections to the Note endorsements, which this Court has already determined to be barred by *res judicata*. For that reason, the Court will also grant Ocwen's motion to dismiss this claim.

Plaintiffs' Complaint also mentions, without any supporting factual allegations, two other possible claims for

11

relief. Neither states a claim upon which relief can be granted.

First, Plaintiffs request that the Court award them quiet title to the Property. "An action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against that title." *Maine v. Adams*, 277 Va. 230, 238 (2009). To survive a motion to dismiss, the party asserting quiet title must plead that she has superior title to that property. *Id.* Furthermore, when a deed of trust is involved, a plaintiff must also assert that she "has fully satisfied all legal obligations to the party in interest." *Bagley v. Wells Fargo Bank, N.A.*, Civil No. 3:12-cv-617, 2013 U.S. Dist. LEXIS 11880, at *24 (E.D. Va. Jan. 29, 2013); *see also Tapia v. U.S. Bank, N.A.*, 718 F. Supp. 2d 689, 700 (E.D. Va. 2010) (dismissing quiet title claim because the complaint did not allege that the note obligations were fully satisfied or forgiven).

Here, Plaintiffs' Complaint is devoid of any facts to suggest that the obligations secured by the Deed of Trust have been paid in full or otherwise forgiven. As a result, Plaintiffs have pled insufficient facts to state a plausible claim for relief to quiet title. Moreover, Plaintiffs' assertion that the Deed of Trust is somehow unenforceable due to transfer and securitization likewise fails. Plaintiffs

12

expressly agreed to the possible transfer of the Note and the Deed of Trust when they bought the Property. Ocwen Mot. to Dismiss, Exhs. A-B. Such transfers have also not been previously viewed by courts in this judicial district as rendering notes or deeds of trust unenforceable. *See, e.g., Horvath v. Bank of N.Y., N.A.*, 641 F.3d 617, 623 (4th Cir. 2011); *Pham v. Bank of N.Y.*, 856 F. Supp. 2d 804, 810 (E.D. Va. 2012). Accordingly, the Court will dismiss this claim.

Finally, Plaintiffs' Complaint includes a request for damages to compensate them for the "emotional and physical damage" caused by "the long-term worry about losing [their] home." Compl. at 3. To survive a motion to dismiss in Virginia on this kind of claim, the plaintiff must allege that the defendant intentionally or recklessly engaged in "outrageous" conduct that resulted in severe emotional distress. *Almy v. Grisham*, 273 Va. 68, 77 (2007). However, "courts have overwhelmingly held that foreclosure on a home does not support an intentional infliction of emotional distress claim." *Suggs v. M&T Bank*, Civil No. 3:15-cv-396, 2017 U.S. Dist. LEXIS 7139, at *10 (E.D. Va. Jan. 18, 2017). Plaintiffs failed to allege any facts suggesting that Defendants engaged in outrageous conduct during the otherwise routine foreclosure of their home. Consequently, the Court will dismiss this claim.

13

B.   Surety's Motion to Dismiss under Rule 12(b)(6)

Surety also filed a motion to dismiss Plaintiffs' Complaint.  Surety asserts that the Complaint fails to allege any specific wrongdoing, only mentioning Surety once for mailing Plaintiffs a "notice of foreclosure" letter, Compl. ¶ 6, and includes a request for injunctive relief to stop a foreclosure sale that has already taken place, Surety Mot. to Dismiss at 4.  Surety also claims that it never received service of process from Plaintiffs, only becoming aware of the lawsuit once Ocwen removed it to federal court.  *Id.* at 3.

In the instant case, Plaintiffs' single factual allegation regarding Surety is not sufficient to state a plausible claim for relief.  Although Plaintiffs' theory appears to be that Surety did not have the authority to conduct a foreclosure sale of her home, as noted above, this type of claim is barred by the doctrine of *res judicata*.  Thus, the Court will grant Surety's motion to dismiss under Rule 12(b)(6).

Additionally, Virginia law states that service is proper on a domestic corporation "by personal service on any officer, director, or registered agent of such corporation."  Va. Code § 8.01-299.  Surety alleges that it never received service, Surety Mot. to Dismiss at 3, and no proof of service has been filed with this Court to suggest otherwise.  Given that

14

the Court has already dismissed the Complaint against Surety, the Court finds it unnecessary to decide this issue.

### IV. Conclusion

For the reasons set forth above, the Court will grant Defendant Ocwen's motion to dismiss.  The Court will also grant Defendant Surety's motion to dismiss.

An appropriate order will follow.

|  |  |
|---|---|
| April 4, 2017<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |